

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JORGE RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12CV256 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about July 9, 2007, Plaintiff Jorge Rivera executed a Deed of Trust and Promissory Note to acquire real property located at 2938 Lockwood Drive, Carrollton, Texas 75007 ("the Property"). *See* Dkt. 4. The original lender and payee on the Note was Countrywide Bank, FSB. Plaintiff was subsequently notified that Defendant Ocwen Loan Servicing was acting as the Mortgage Servicer on the Property and, according to Plaintiff, Defendant Ocwen Loan Servicing accelerated Plaintiff's Deed of Trust, appointed a substitute trustee, posted the notice of substitute trustee's sale, and attempted to foreclose on the Property. *See id.*

On April 3, 2012, Plaintiff filed his Original Petition in the 158th Judicial District Court for Denton County, Texas, and, on April 27, 2012 Plaintiff filed his First Amended Original Petition.

*See* Dkts. 3 & 4. On May 2, 2012, the matter was removed to this Court. *See* Dkt. 1.

Plaintiff's amended petition – the live pleading here – lists the following causes of action: (1) statutory violations of the Texas Property Code; (2) misrepresentation/fraud; (3) violations of the Texas Civil Practice and Remedies Code; and (4) violations of the Texas Finance Code (the Texas Debt Collections Practices Act). *See* Dkt. 4. Plaintiff also seeks an accounting of all transactions on their mortgage loan and injunctive relief prohibiting Defendant from foreclosing on the Property. *Id.*

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiff's claims. *See* Dkt 5. Defendant first argues Plaintiff lacks standing to contest any assignment or agreement with regard to statutory violations of the Texas Property Code. In addition, Defendant contends Plaintiff insufficiently pleaded: (1) the misrepresentation/fraud claim; (2) the Texas Civil Practice and Remedies claim; (3) the Texas Debt Collection Act claim; and (4) the right of an accounting or injunctive relief.

Plaintiff has failed to filed a response in opposition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

Defendant's motion to dismiss was filed on May 9, 2012. Plaintiff did not timely file a response.[1] After the motion had been pending for more than *five months* without a response, on

---

[1] The Court notes that Plaintiff failed to file a timely response even after Defendant filed a notice with the Court on June 15, 2012 indicating as much. *See* Dkt. 7.

3

October 11, 2012, this Court entered an order indicating that no response had been filed to Defendant's Motion to Dismiss, and that if no response were filed on or before October 16, 2012, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly (*see* Dkt. 7). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed therein, the court will assume that the party has no opposition." E.D. TEX. L.R. CV-7(d). To date, no response has been filed.

The Court has reviewed the allegations in Plaintiff's live pleading and finds that Defendant's dismissal arguments are well-founded and supported by applicable authority. *See, e.g, Kiggundu v. Mortgage Elec. Registration Sys. Inc*., 469 Fed. Appx. 330, 332, 2012 WL 1033378, 1 (5th Cir. 2012) ("It was sufficient for the Bank of New York to establish that it was in possession of the note; it was not required to show that the deed of trust had been assigned to."). Without any factual distinctions by Plaintiff, the Court declines to re-plow well harvested ground. *See, e.g., Richardson v. CitiMortgage, Inc*., 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiffs attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. Jun. 10, 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. Mar. 24, 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. Jun. 2, 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. Jul. 7, 2011). "In other words, a transfer of an obligation secured by a note also transfers the

note because the deed of trust and note are read together to evaluate their provisions." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to U.S. Bank upon MERS's assignment." *Id.* (quoting *Richardson*, 2010 WL 4818556, at *5). Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* TEX. PROP. CODE. ANN. § 51.0025. Plaintiff has simply not shown any facts that would give rise to a cognizable claim here.

Therefore, having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 5) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

***The Court notes that Defendant's counterclaim against Plaintiff remains at this time, and the case will proceed as to those claims until further order of the Court.***

### RECOMMENDATION

Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. 5) should be GRANTED. Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the

5

proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 19th day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE